IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MIA GULLY                                                                                    PLAINTIFF
*On Behalf Of*
A MINOR CHILD, L.N.G.

vs.                                     Civil No. 4:08-cv-04123

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mia Gully ("Plaintiff") brings this action on behalf of a minor child, L.N.G., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") on behalf of L.N.G.. under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on behalf of L.N.G. on March 29, 2006. (Tr. 42-49). Plaintiff had filed prior SSI applications on August 19, 1996, March 31, 1997, and July

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

26, 2002, on behalf of L.N.G., alleging a disability since July 31, 1996. The Agency denied each prior application, and Plaintiff did not appeal, therefore, the ALJ did not find good cause to reopen the prior applications. (Tr. 11).

In the application at issue, and in other documents filed with the SSA, Plaintiff alleges L.N.G. was disabled due to congestive heart failure, asthma, kidney disease, hypertension, and obesity. (Tr. 28, 38, 74). Plaintiff alleges that L.N.G.'s onset date was July 31, 1996. (Tr. 42). This application was denied initially on June 21, 2006 and was denied again on reconsideration on January 12, 2007. (Tr. 34-40). On January 31, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 31). An administrative hearing was held on February 21, 2008 in Little Rock, Arkansas. (Tr. 590-609). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff testified at this hearing and L.N.G. was present. *See id.* At the time of this hearing, L.N.G. was eleven years old and was in the fifth grade. (Tr. 50, 596).

On July 21, 2008, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for L.N.G. (Tr. 11-21). In this opinion, the ALJ determined L.N.G. was born on July 31, 1996, was a school-age child on March 29, 2006 (the date the application was filed), and was a school-age child on July 21, 2008 (the date of the ALJ's decision). (Tr. 14, Finding 1). The ALJ determined L.N.G. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision. (Tr. 14, Finding 2).

The ALJ determined L.N.G. had the following severe impairments: kidney disease, asthma, hypertension, heart failure and enlargement of the heart, sleep apnea, and obesity. (Tr. 14, Finding 3). The ALJ, however, also determined the evidence did not establish L.N.G. had an impairment or a combination of impairments that were either listed in, or medically equivalent to, those listed in

2

Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 14, Finding 4).

The ALJ also evaluated the six functional domains and determined L.N.G. did not have an impairment or a combination of impairments that were functionally equivalent to the Listings. (Tr. 14-21, Finding 5). Specifically, the ALJ determined L.N.G. had a marked limitation in health and physical well-being. *See id.* The ALJ also determined L.N.G. had a less than marked limitation in moving about and manipulating objects. *See id.* The ALJ also determined L.N.G. had no limitations in acquiring and using information, in attending and completing tasks, in interacting and relating with others, and in the ability to care for herself. *See id.* The ALJ determined that because L.N.G. did not have an impairment or combination of impairments that resulted in either a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain of functioning, L.N.G.'s impairments or combination of impairments were not functionally equivalent to the Listings. (Tr. 11-21, Finding 5). Accordingly, the ALJ also determined L.N.G. was not disabled and had not been disabled at any time since March 29, 2006, the date Plaintiff filed L.N.G.'s application. (Tr. 21, Finding 6).

On July 25, 2008, Plaintiff requested the Appeals Council review the ALJ's hearing decision and order. (Tr. 6-7). On November 14, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On December 17, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 30, 2008. (Doc. No. 2). Both Plaintiff and Defendant have filed appeal briefs. (Doc. Nos. 5-6). This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in

marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2006, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

### 3. <u>Discussion:</u>

The parties do not dispute L.N.G. meets the disability requirements under Step One (L.N.G. has not engaged in SGA) and Step Two (L.N.G.'s impairments are severe) of the Analysis. Plaintiff, however, claims the ALJ erred in finding L.N.G. not disabled at Step Three of the Analysis. (Doc. No. 5, Pages 1-5). Specifically, Plaintiff claims L.N.G. has an impairment or combination of impairments functionally equivalent to the listings. *See id.*

This Court has considered all arguments raised in the parties' appeal briefs and has considered the transcript in L.N.G.'s case. (Doc. Nos. 5-6). Based upon this review, this Court finds the ALJ's hearing decision dated July 21, 2008 is not supported by substantial evidence and should be reversed and remanded because the ALJ failed to properly evaluate L.N.G.'s subjective complaints pursuant to 20 C.F.R. § 416.929. (Tr. 14-15).

In a child disability case, the Social Security Regulations clearly state the ALJ is required to analyze subjective complaints in accordance with the seven factors from 20 C.F.R. § 416.929(c) (providing the requirements for "[e]valuating the intensity and persistence of your symptoms, such as pain, and determining the extent to which your symptoms limit your capacity for work or, *if you are a child, your functioning*.") (emphasis added). Specifically, the ALJ must consider these factors,

which provide as follows, in order to determine the child's functional limitations: (1) the child's daily activities; (2) the location, duration, frequency, and intensity of the child's pain or other symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of the child's medication; (5) treatment, other than medication, that the child receives or has received for relief of pain or other symptoms; (6) any measures the child uses or has used to relieve his or her pain or other symptoms; and (7) other factors concerning the child's functional limitations or restrictions due to pain or other symptoms. *See* 20 C.F.R. § 416.929(c)(3); *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) (requiring analysis of five of those factors). The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines those factors prior to discounting the subjective complaints regarding the child's functional limitations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

In the present action, the ALJ did not provide any substantive analysis of the seven factors from 20 C.F.R. § 416.929(c)(3). Instead, the ALJ made some cursory findings and discounted Plaintiff's subjective complaints of L.N.G.'s limitations by stating the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, however the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below.

(Tr. 15). Plaintiff has offered subjective evidence of the frequency and severity of L.N.G.'s congestive heart failure, along with L.N.G's use of significant medications for heart disease, hypertension and asthma, and the ALJ has provided little or no reason for discounting that subjective evidence. (Tr. 15). Because the ALJ's analysis of Plaintiff's subjective complaints was insufficient, this case must be reversed and remanded.

7

Also on remand, the ALJ should obtain an updated Childhood Disability Evaluation Form. The prior Childhood Disability Evaluations did not have the benefit of having L.N.G's medical records which related to the diagnosis and treatment of congestive heart failure.

**4. Conclusion:**

Based upon the foregoing, the decision of the ALJ, denying benefits to L.N.G., is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of February, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE